IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>vs.<br><br>DAISY FLORES,<br><br>       Defendant. | 8:22–CR–25<br><br>ORDER |

  Before the Court are three *pro se* Motions filed by the defendant: a Motion to Reduce Sentence, Filing 168; a Motion to Reconsider, Filing 169; and a Motion for Return of Property, Filing 170. For the reasons stated below, the defendant's Motions are denied.

## I. MOTION TO REDUCE SENTENCE

  The defendant argues in her Motion to Reduce Sentence, Filing 168, that she is eligible for "Retroactive Application of Part D (Enhanced Penalties for Drug Offenders) [of] § 2D1.1 of the United States Sentencing Guidelines." Other district courts have already rejected apparently identical motions, noting, "There is no 'Part D' of U.S.S.G. § 2D1.1, nor any revision to that guideline." *United States v. Brown*, No. 3:18-CR-30128, 2024 WL 3849706, at *2 (D.S.D. Aug. 16, 2024); *see also United States v. Franco*, No. 3:19-CR-371, 2024 WL 4256441 (N.D. Tex. Sept. 20, 2024). Each of these other district courts denied the defendants' motions without prejudice to reassertion "[i]f the Sentencing Commission amends § 2D1.1 and makes that amendment retroactive." *Id.* The defendant's Motion in this case is similarly denied without prejudice.

## II. MOTION TO RECONSIDER

  The defendant argues in her Motion to Reconsider, Filing 169, that the challenged Order denying a previous Motion to Reduce sentence was wrongly decided. Although the Eighth Circuit has not yet decided "whether to import the civil motion for reconsideration standard into the

1

criminal context," *United States v. Luger*, 837 F.3d 870, 876 (8th Cir. 2016), the Court will nevertheless consider the merits of the defendant's Motion. Motions for reconsideration "serve the limited function of correcting manifest errors of law or fact or . . . present[ing] newly discovered evidence.'" *Id.* (quoting *Bradley Timberland Res. v. Bradley Lumber Co.*, 712 F.3d 401, 407 (8th Cir. 2013)). Moreover, "a district court's denial of a motion for reconsideration" is reviewed for an "abuse of discretion." *United States v. King*, 854 F.3d 433, 443 (8th Cir. 2017).

The defendant's Motion to Reconsider fails to identify any "manifest errors of law" and does not "present newly discovered evidence." *See generally* Filing 169. The Court in its previous Order determined that the defendant was not entitled to a sentencing reduction due to retroactive application of Amendment 821 because "was assessed two criminal history points and was not assessed any 'status points' in her Presentence Investigation Report" and because the defendant was sentenced "after Amendment 821 had already taken effect." Filing 167 at 1–2. Because there was no "manifest error" in this determination, and the defendant presented no new evidence that would change the Court's analysis, the defendant is not entitled to reconsideration.

### III.  MOTION FOR RETURN OF PROPERTY

The defendant argues in her Motion for Return of Property, Filing 170, that she is "entitled to lawful possession of" two iPhones, and requests that these iPhones be given to her brother. Federal Rule of Criminal Procedure 41(g) provides,

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim P. 41(g). The defendant's bare assertion of entitlement to the property is simply not sufficient to demonstrate that she was "aggrieved by an unlawful search and seizure of property or

2

by the deprivation of property." *Id.* Because the Court "must receive evidence on any factual issue necessary to decide the motion," the Court will permit the defendant to provide a factual basis that demonstrates her entitlement to the property by dismissing her Motion without prejudice. Accordingly,

IT IS ORDERED:

1. The defendant's Motion to Reduce Sentence, [Filing 168](), is denied without prejudice;

2. The defendant's Motion to Reconsider, [Filing 169](), is denied; and

3. The defendant's Motion for Return of Property, [Filing 170](), is denied without prejudice.

Dated this 22nd day of October, 2024.

BY THE COURT:

Brian C. Buescher
United States District Judge