IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DAISY FLORES,<br><br>Defendant. | **8:22–CR–25**<br><br>**ORDER** |

Before the Court are two *pro se* Motions filed by the defendant: a Motion for Return of Property, Filing 176, and a Motion for Reconsideration of the Court's previous order denying a Motion to Correct Sentence, Filing 180. Regarding the Motion for Return of Property, Filing 176, this Motion is moot in light of the Government's submission that the defendant's property may be returned, provided that the defendant contact the case agent and arrange for a designee to retrieve the property on her behalf. Filing 181.

Regarding the Motion for Reconsideration, the defendant has filed, and the Court has ruled on, this matter multiple times. *See, e.g.*, Filing 172; Filing 175. The defendant argues in her Motion that she is eligible for "Retroactive Application of Part D (Enhanced Penalties for Drug Offenders) [of] § 2D1.1 of the United States Sentencing Guidelines." Filing 180. Other district courts have already rejected apparently identical motions, noting, "There is no 'Part D' of U.S.S.G. § 2D1.1, nor any revision to that guideline." *United States v. Brown*, No. 3:18-CR-30128, 2024 WL 3849706, at *2 (D.S.D. Aug. 16, 2024); see also *United States v. Franco*, No. 3:19-CR-371, 2024 WL 4256441 (N.D. Tex. Sept. 20, 2024). Thus, the defendant's Motion to Reconsider is denied because it fails to identify any "manifest errors of law" and does not "present newly discovered evidence." *United States v. Luger*, 837 F.3d 870, 876 (8th Cir. 2016). Accordingly,

IT IS ORDERED:

1

1.  The defendant's Motion for Return of Property, Filing 176, is denied as moot; and

2.  The defendant's Motion for Reconsideration, Filing 180, is denied.

Dated this 19th day of February, 2025.

BY THE COURT:

Brian C. Buescher
United States District Judge